Dear Mr. Wagoner:
This office is in receipt of your request for an opinion of the Attorney General in regard to bills of the parish coroner. You indicate at this time the coroner forwards all bills for any autopsies, drug and alcohol screens, commitments, and/or transportation of deceased to the parish. However, you believe that the responsibility of any deaths or commitments from a municipality would be upon that respective municipality and not the parish police jury, although the municipalities say the coroner is employed by the parish who should pay the bills associated with his office.
Accordingly, you ask for an opinion of this office on this matter.
In Atty. Gen. Op. 02-117 this office considered responsibility of the coroner's payment of services relative to a tri-parish program for a rape investigation which included expenses for an emergency room, rape kit, laboratory fee and other reasonable diagnostic procedures. Therein it was noted that Atty. Gen. Op. 89-78 concluded that if the examination occurs in a city hospital the municipality must pay. The opinion also noted that in Atty. Gen. Op. 94-499 we concluded a coroner may charge the parish government for examinations of all alleged rape victims under police investigation, but if a city hospital was involved, the municipality must pay the fee for the examination.
However, in Atty. Gen. Op. 02-117 it was further noted that in Atty. Gen. Op. 99-381 it had been found inasmuch as the coroner had his professional office and performed many of his compensable duties within the municipality, this placed an inequitable burden upon the municipality in which the office was situated. It was then found the best solution for all would be some type of cooperative endeavor for all of the governing authorities to pay some portion of the compensation of the coroner whereby
all political subdivisions would concur in a joint responsibility to pay all the fees.
Following the reasoning of these earlier opinions, this office then concluded, "Similarly, perhaps some cooperative endeavor by the tri-parishes involved could be developed to cover the situation of your concern."
We find R.S. 33:1556(D)(1) pertinent to your question wherein it provides as follows:
 The parish or municipality in which the deceased was domiciled, in the case of a death due to natural causes, or the parish or_ municipality in which the accident or crime occurred, in the case of a death due to other than natural causes, shall pay the coroner's fees and any necessary fees for the investigation and the cost of any autopsy including cost of transporting the body. However, if the coroner of the parish in which the death occurred initially viewed the body or investigated the death, the fees of such viewing or investigation shall be paid to him by the parish or municipality in which the death occurred.
Also, R.S. 33:1556(E) is significant which is as follows:
 When a death occurs and the death was due to natural causes, the coroner's fees and expenses, including the cost of transporting the body, shall be paid by the municipality in which the deceased was domiciled or by the parish if the deceased was domiciled in the parish outside of a municipality. When a death occurs and the death was due to other than natural causes, the coroner's fees and expenses including the cost or transporting the body shall be paid by the municipality in which the crime or accident occurred or by the parish if the crime occurred in the parish outside of a municipality.
Accordingly, we must conclude each situation must be considered in light of the provisions as quoted hereinabove to determine whether the parish or municipality is responsible for bills of the coroner.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ______________________
 BARBARA B. RUTLEDGE Assistant Attorney General
CCF, JR/bbr